UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62676-RAR

**MARIA CEVALLOS VALDERRAMOS**,
as Personal Representative of the Estate of
**GIA KATELIN ALBAN**, deceased,

    Plaintiff,

v.

**GITI TIRE (USA) LTD**.,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Strauss's Report and Recommendation [ECF No. 28] ("Report"), filed on March 8, 2021. The Report recommends that the Court grant Plaintiff's Motion to Remand to State Court [ECF No. 12]. *See* Report at 1. The Report properly notified the parties of their right to object to Magistrate Judge Strauss's findings. *Id.* at 9. Defendant timely filed its Objection to the Report [ECF No. 33] ("Objection") on March 22, 2021 and Plaintiff filed a Response [ECF No. 34] on March 23, 2021. The Court being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 28] is **AFFIRMED AND ADOPTED** as explained herein.

## LEGAL STANDARD

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] specific

findings set forth in the [Report] and articulate[s] a *legal* ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphasis added; citations omitted).

## ANALYSIS

Here, Defendant contends that Magistrate Judge Strauss erroneously ignored Plaintiff's pre-settlement conduct. Without citing any evidence, Defendant contends that Plaintiff "exhibited bad faith prior to the settlement [with the non-diverse defendants]" and that the "settlement and Plaintiff's delayed disclosure merely extended the bad faith conduct evidenced by Plaintiff's failure to actively litigate against the non-diverse defendants." Obj. at 2. Thus, Defendant argues that remand is not appropriate here because "[c]onsidering Plaintiff's conduct as a whole necessarily leads to the conclusion that Plaintiff acted in bad faith to prevent GITI Tire from removing the action." *Id.* at 3.

As an initial matter, Defendant's Objection appears to improperly rehash many of the same arguments and positions taken in the original papers submitted to Magistrate Judge Strauss.[1] Defendant insists that Plaintiff's pre-settlement conduct should have been considered under the *Aguayo* test and the *Tedford* exception. Obj. at 2-3 (citing *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014) and *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003)). But as Magistrate Judge Strauss correctly noted, application of the *Aguayo* test is unnecessary here where a statute—28 U.S.C. § 1446(c)(1)—clearly governs. Report at 4-5. Further, as the Report aptly explains, the *Tedford* exception "no longer appl[ies] and . . . [we] now apply the new

---

[1] "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendation]." *Marlite, Inc. v. Eckenrod*, No. 10-CV-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

[standard under] § 1446 and the bad faith exception Congress created." Report at 3 fn.1 (citation and quotation omitted). Therefore, the Court disagrees with Defendant's contention that pre-settlement conduct is relevant and finds that Magistrate Judge Strauss correctly applied § 1446(c)(1) and properly focused the inquiry on the conduct made relevant by the statute—that is, the post-settlement conduct that "prevent[ed] [Defendant] from removing the action." Report at 5 (quoting § 1446(c)(1)).

Even if pre-settlement conduct were somehow relevant, the Court also disagrees with Defendant's assessment that Plaintiff's "conduct as a whole" necessarily amounts to bad faith. Obj. at 3. To determine the "boundary between a plaintiff's bad faith in forum 'manipulation' as opposed to a valid litigation strategy, courts have considered the extent to which the plaintiff has engaged in intentional conduct to deliberately delay for more than a year the defendant's ability to remove the case." *Hajdasz v. Magic Burgers, LLC*, No. 18-CV-1755, 2018 WL 7436133, at *2 (M.D. Fla. Dec. 10, 2018). For example, in *Hiser v. Seay*, No. 14-CV-170, 2014 WL 6885433 (W.D. Ky. Dec. 5, 2014), the court found bad faith when plaintiffs admitted "that they delayed accepting the [settlement] offers in order to retain the non-diverse parties to 'continue the litigation with all parties in the case until the one-year period passed' due to the 'likelihood of attempted removal' and a desire to keep the case in state court." *Id.* at *4. In another case, *Comer v. Schmitt*, No. 15-CV-2599, 2015 WL 5954589 (S.D. Ohio Oct. 14, 2015), the court found that plaintiffs engaged in "intentional inaction that prevented" timely removal through a "methodical delay in consummating the settlement agreement." *Id.* at *4. There, plaintiffs joined the diverse defendant three weeks before the one-year deadline and, despite having reached a settlement, held the non-diverse defendants in the case past the deadline to prevent removal. *Id.*

Here, Defendant has not presented any evidence that comes close to that relied upon in *Comer* and *Hiser*. What the evidence does show, however, is the following: Plaintiff joined both

the Defendant and the non-diverse defendants in this action from day 1; Plaintiff and the non-diverse defendants settled *114 days* before the 1-year removal window expired; and Plaintiff did not immediately dismiss the non-diverse defendants due to an apparent oversight. *See Larue v. Volkswagen Grp. Of Am., Inc.*, No. 17-CV-00001, 2017 WL 2312480, at *5 (W.D. Ky. May 26, 2017) (finding that delay in dismissing non-diverse defendants was attributable to "the prolonged state court process" and could not be characterized as bad faith action).

## CONCLUSION

Ultimately, the facts and circumstances here do not substantiate a finding of bad faith on the part of Plaintiff, and Defendant's Objection is therefore overruled. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Objection [ECF No. 33] is **OVERRULED**.

2. The Report [ECF No. 28] is **AFFIRMED AND ADOPTED**.

3. Plaintiff's Motion to Remand to State Court [ECF No. 12] is **GRANTED**.

4. This action is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk is instructed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of March, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**